# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 24-746V

| | |
|---|---|
| ANTHONY VICARI,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: January 2, 2026 |

*Paul J. Campson, Campson & Campson, New York, NY, for Petitioner.*

*Sarah Black Rifkin, U.S. Department of Justice, Washington, DC, for Respondent.*

**DECISION DISMISSING CLAIM**[1]

On May 13, 2024, Anthony Vicari filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a right shoulder injury related to vaccine administration ("SIRVA") caused by an influenza ("flu") vaccine received on September 6, 2023. ECF No. 8 at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On December 5, 2025, I ordered Petitioner to show cause why his Table SIRVA claim should not be dismissed. ECF No. 23. In particular, I noted that the lack of any recorded situs for Petitioner's vaccinations, plus other ambiguities in the medical records, could prevent Petitioner from being able to prove by a preponderance of the evidence

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

that the flu vaccine was administered in his right arm. *Id.* at 2. This was related to the fact that Petitioner had received a non-covered vaccine in the intervening time before he reported shoulder pain. *Id.* Further, Petitioner had experienced a prior right shoulder injury ten months before vaccination. *Id.* at 3. Petitioner also described an onset of right shoulder pain as both before vaccination and approximately three weeks after vaccination. *Id.* at 3-4. I therefore concluded that on this record, Petitioner had not yet established by a preponderance of the evidence the necessary elements of a Table claim. *Id.* at 4.

On December 29, 2025, Petitioner moved for a decision dismissing his case, stating that "[u]pon further investigation after considering the Court's assessment of the claim, [P]etitioner believes that pursing a claim within the Vaccine Injury Program is unlikely to result in a recovery sufficient to justify further litigation" and that "[i]n these circumstances a dismissal at this time would serve the interest of the parties, and conserve judicial resources and those of the Vaccine Program." ECF No. 24 at 1. Petitioner further states that he understands that a decision dismissing his Petition will result in a judgment against him and that he has been advised that such a judgment will end his rights in the Vaccine Program. *Id.* at 1-2.

Vaccine Rule 21(b) provides that I may dismiss a petition or any claim therein at the request of Petitioner, on terms that I consider proper, by issuance of a decision pursuant to Section 12(d)(3). To receive compensation under the Program, Petitioner must prove either 1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of his vaccinations, or 2) that he suffered an injury that was actually caused by a vaccine. *See* Sections 13(a)(1)(A) and 11(c)(1). But examination of the record does not disclose sufficient evidence to establish that Petitioner suffered a "Table Injury." And the same record does not contain a medical expert's opinion or any other persuasive evidence supporting the conclusion that Petitioner's alleged injury was vaccine-caused.

Under the Vaccine Act, a petitioner may not be awarded compensation based on the petitioner's claims alone. Rather, a petition must be supported by either the medical records or by a medical opinion. Section 13(a)(1). In this case, the record does not contain medical records or a medical opinion sufficient to demonstrate that Petitioner was injured by a vaccine.

For these reasons, in accordance with Vaccine Rule 21(b) and Section 12(d)(3)(A) of the Vaccine Act, this case is **DISMISSED** for insufficient proof. The Clerk shall enter judgment accordingly.[3]

IT IS SO ORDERED.

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.